UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. SILER,

                Plaintiff,

-against-

OFFICER MONROE, et al.,

                Defendants.

**SUPPLEMENTAL ORDER OF SERVICE**

20-CV-05794 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated at Elmira Correctional Facility, brings this action *pro se* and *in forma pauperis* ("IFP") under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. In the first Complaint, Plaintiff identified five (5) Defendants: (1) Officer Monroe; (2) Officer John Doe; (3) Officer J. Walden; (4) Superintendent Leroy Fields; and (5) Acting New York State Department of Corrections and Community Supervision Commissioner Anthony J. Annucci. (Doc. 2). On August 28, 2020, the Court issued an Order of Service directing the New York State Office of the Attorney General ("NYSOAG") to "ascertain the identities of Officer Monroe and the John Doe whom Plaintiff seeks to sue here and the addresses where those Defendants may be served." (Doc. 13 at 3). On October 27, 2020, the NYSOAG filed a letter identifying Officer Monroe as Correction Officer Pepeto Munroe ("Munroe") and Officer John Doe as Correction Officer Edwin Lopez ("Lopez"). (Doc. 18). According to the NYSOAG, both Munroe and Lopez may be served at Fishkill Correctional Facility, 18 Strack Drive, Beacon, New York 12508. (*Id.*).

      On December 21, 2020, Plaintiff filed an Amended Complaint identifying Munroe and Lopez as Defendants. (Doc. 30).

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure requires generally that the summons and complaint be served within 90 days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the Amended Complaint until the Court reviewed the pleading and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Munroe and Lopez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for those Defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Munroe and Lopez and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is directed further to mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   New York, New York
        December 28, 2020

PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Correction Officer Pepeto Munroe
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508

2. Correction Officer Edwin Lopez
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508