UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. SILER,

                          Plaintiff,

              -against-

OFFICER J. WALDEN and OFFICER
EDWIN LOPEZ,

                          Defendants.

**OPINION AND ORDER**

20-CV-05794 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael D. Siler ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action for various constitutional law violations pursuant to 42 U.S.C. § 1983 on July 24, 2020. (Doc. 2). Plaintiff maintains in the Amended Complaint, the operative pleading, that five employees of the New York State Department of Corrections and Community Supervision ("DOCCS")—Officer Pepeto Munroe ("Munroe"), Officer Edwin Lopez ("Lopez"), Officer J. Walden ("Walden"), Superintendent Leroy Fields ("Fields"), and Acting DOCCS Commissioner Anthony J. Annucci ("Annucci," and collectively, "Defendants")—violated his First, Eighth, and Fourteenth Amendment rights during his incarceration in the Special Housing Unit ("SHU") at Fishkill Correctional Facility ("Fishkill") in late 2019 and early 2020. (Doc. 30, "FAC").

The Court, in a December 22, 2021 Memorandum Opinion and Order, granted Defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), dismissing all claims except for "the Eighth Amendment excessive force claims against Lopez and Walden." (Doc. 54).[1]

---

[1] This decision is available on commercial databases. *See Siler v. Munroe*, No. 20-CV-05794, 2021 WL 6064701 (S.D.N.Y. Dec. 22, 2021).

Defendants filed an Answer to the Amended Complaint on January 4, 2022. (Doc. 56). Discovery on the two remaining claims closed on September 2, 2022. (Doc. 71).

Defendants filed and served their motion for summary judgment and supporting papers on October 28, 2022, in accordance with the briefing schedule set by the Court. (Doc. 75; Doc. 80; Doc. 81, "Def. Br."; Doc. 82, "Martin Decl."; Doc. 83, "Seguin Decl."; Doc. 84, "Reams Decl."; Doc. 85, "Lopez Decl."; Doc. 86, "Pickett Decl."; Doc. 87; Doc. 88; Doc. 89, "Walden Decl."). Plaintiff requested, and the Court granted, four extensions of time to file his opposition to Defendants' motion for summary judgment. (Doc. 97; Doc. 98; Doc. 99; Doc. 100; Doc. 101; Doc. 102; Doc. 103; Doc. 104). The Court, in granting Plaintiff's fourth request for an extension of time to file his opposition to April 3, 2023, warned that "[n]o further extensions to the briefing schedule shall be granted." (Doc. 104). Plaintiff sought a fifth extension of time on March 31, 2023, which the Court denied on April 3, 2023. (Doc. 106; Doc. 107). Plaintiff has failed to file any opposition to Defendants' motion for summary judgment. As is clear from the docket, Plaintiff was sent Defendants' moving papers and the Court's Orders notifying him that Defendants had moved for summary judgment dismissing his Amended Complaint. The Court has received no communications from Plaintiff regarding the motion for summary judgment since March 31, 2023 and, as such, considers the motion fully submitted and unopposed.[2]

---

[2] The Court must, as an initial matter, find that Plaintiff has received adequate notice that "failure to file any opposition may result in dismissal of the case." *Lurch v. Berry*, No. 20-CV-02312, 2021 WL 3668113, at *3 (S.D.N.Y. Aug. 17, 2021). Defendants provided to Plaintiff the requisite Notice to Pro Se Litigants Pursuant to Local Civil Rule 56.2, which included, *inter alia*, the text of Federal Rule of Civil Procedure 56 and a forewarning that failure to respond may result in the dismissal of the case. (Doc. 87). Plaintiff was plainly on notice of Defendants' motion for summary judgment and the deadline to file his opposition, as he had been served with the moving papers and subsequently filed five separate requests for extensions time to file opposition to the motion. (Doc. 87; Doc. 88; Doc. 97; Doc. 99; Doc. 101; Doc. 103). Accordingly, the Court finds that Plaintiff received adequate notice that his claims might be dismissed for failure to file an opposition to Defendants' motion for summary judgment. *See Gil-Cabrera v. City of New York*, No. 20-CV-09493, 2023 WL 2601132, at *6 (S.D.N.Y. Mar. 22, 2023) (finding adequate notice where

For the reasons set forth below, Defendants' motion for summary judgment is GRANTED.

## BACKGROUND

The facts, as recited below, are taken from the Amended Complaint (Doc. 30, "FAC"), Defendants' Local Civil Rule 56.1 Statement (Doc. 73, "56.1 Stmt."), and the admissible evidence submitted by the parties.[3]

Plaintiff is an incarcerated individual in DOCCS' custody. (56.1 Stmt. ¶ 1). Plaintiff's claims arose while he was incarcerated at Fishkill. (FAC ¶¶ 1-5; 56.1 Stmt. ¶ 2). Plaintiff was transferred from Great Meadow Correction Facility to the Fishkill Special Housing Unit ("SHU") on September 10, 2019. (56.1 Stmt. ¶ 3). Plaintiff was transferred again and is currently housed in the Marcy Correctional Facility. (Doc. 97).

I.    January 30, 2020 Incident

On January 30, 2020, Plaintiff hung a towel from his bunk that obstructed officers' view of Plaintiff, and Plaintiff did not respond to verbal commands to take the towel down. (56.1 Stmt. ¶ 6). Officer Lopez entered Plaintiff's cell with six other officers, at which point Plaintiff tried to run out of the cell. (*Id.* ¶¶ 7-9). Officers forced Plaintiff to the bed and then a non-defendant officer took Plaintiff's right leg and brought him to the ground. (*Id.* ¶ 11). Once Plaintiff was on the ground, Officer Lopez handcuffed Plaintiff. (*Id.* ¶ 12). Officers recovered a homemade weapon from Plaintiff's right hand. (*Id.* ¶ 13). A nurse examined Plaintiff sometime after the incident and

---

the plaintiff was served with a Local Civil Rule 56.2 notice containing a warning "that failure to respond may result in dismissal of the action"); *Jackson v. Jackson*, No. 16-CV-08516 (PMH), 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021) (granting summary judgment and dismissing an action where Defendants "established that Plaintiff failed to exhaust his administrative remedies" and "Plaintiff was warned that failure to file an opposition would result in the Court concluding that the motion was unopposed").

[3] Defendants submitted six declarations and exhibits thereto in support of their motion for summary judgment: Declaration of Kathryn Martin (Doc. 82, "Martin Decl."), Declaration of Rachael Seguin (Doc. 83, "Seguin Decl."), Declaration of Sally Reams (Doc. 84, "Reams, Decl."), Declaration of Edwin Lopez (Doc. 85, "Lopez Decl."), Declaration of Melissa Pickett (Doc. 86, "Pickett Decl."), and Declaration of Justin Walden (Doc. 89, "Walden Decl.").

noted he had a 3-centimeter laceration to his chin. (Martin Decl., Ex. H). Plaintiff was sent to an

outside hospital where he received six stitches to his chin. (*Id*.).

II.     April 11, 2020 Incident

On April 11, 2020, Plaintiff signed up to use a razor, which he received, but he refused to

give it back to Officer Walden when requested. (56.1 Stmt. ¶ 20). Plaintiff also covered his cell

window with a towel obstructing officers' view of Plaintiff. (*Id.* ¶ 21). A sergeant came to

Plaintiff's cell and spoke with him. (Martin Decl., Ex. I). Plaintiff stopped responding to the

sergeant and officers had to go into Plaintiff's cell to retrieve the razor. (*Id.*). When Plaintiff's cell

door opened, Plaintiff charged at the officers with a pipe that he took off his cell bathroom wall.

(*Id.*). The pipe struck the first officer's shield, and Plaintiff charged towards the officers. (*Id.*).

Officer Walden used a body hold to subdue Plaintiff while other officers sprayed Plaintiff with

chemical agents and eventually wrestled the pipe out of Plaintiff's hands. (*Id.*). Medical records

indicate Plaintiff had scrapes and bruises to the right side of his head, his right ear, his wrists and

knuckles, and his right chest. (Martin Decl., Ex. K). Plaintiff did not need stitches and did not go

to an outside hospital for medical treatment. (56.1 Stmt. ¶ 29).

III.    Grievance Process

Plaintiff alleges that he "sent grievances on the dates of 9/30/19, 10/3/19, 10/20/19, and

12/12/19 about officers['] misconduct towards me." (FAC at 4-5). There is no record of Plaintiff

grieving either the January 30, 2020 or the April 11, 2020 incidents at the facility level or properly

appealing to the Central Office Review Committee ("CORC"). (*See* Martin Decl., Ex. P; Seguin

Decl. ¶¶ 6-7; Reams Decl. ¶ 6).

Defendants move for summary judgment contending, *inter alia*, that Plaintiff failed to

exhaust his administrative remedies prior to bringing suit.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[4] "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty when determining whether summary judgment is appropriate "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence. The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007).

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). The Court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial."

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Should there be no genuine issue of material fact, the movant must also establish its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (summary judgment appropriate when "the law so favors the moving party that entry of judgment in favor of the movant is proper").

The Court is, of course, mindful that "*pro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se*

litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment").

Where, as here, a summary judgment motion is unopposed, "uncontroverted facts in the moving party's statement pursuant to Local Rule 56.1 are deemed admitted." *Johnson v. City of New York*, No. 15-CV-00403, 2016 WL 7335663, at *2 (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)); *see also Fate v. Petranker*, No. 19-CV-05519, 2022 WL 2672317, at *1 (S.D.N.Y. July 8, 2022) ("Statements made by Defendant that are supported by admissible evidence and not refuted by Plaintiff are deemed admitted."). "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear*, 373 F.3d at 242. "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014). "And, of course, the court must determine whether the legal theory of the motion is sound." *Id.* A summary judgment motion in a *pro se* case "may be granted as unopposed only if (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Lurch v. Berry*, No. 20-CV-02312, 2021 WL 3668113, at *3 (S.D.N.Y. Aug. 17, 2021).

## ANALYSIS

### I.    Administrative Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," *Hernández v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)), and it is "'mandatory': [a]n inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citation omitted). "Moreover, the PLRA 'requires proper exhaustion, which means using all steps that the prison grievance system holds out.'" *Ayala-Rosario v. Westchester Cty.*, No. 19-CV-03052, 2020 WL 3618190, at *4 (S.D.N.Y. July 2, 2020) (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)). This "means that 'prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Gottesfeld v. Anderson*, No. 18-CV-10836, 2020 WL 1082590, at *6 (S.D.N.Y. Mar. 6, 2020) (quoting *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012)).

As an inmate in the custody of DOCCS, Plaintiff was required to follow a three-step process to exhaust the grievance process. *Amador v. Andrews*, 655 F.3d 89, 96-97 (2d Cir. 2011) (outlining DOCCS' three-step grievance process); *Hayes v. Dahlke*, 976 F.3d 259, 264 (2d Cir. 2020) (same). First, a grievance must be submitted to the Inmate Grievance Resolution Committee ("IGRC"), a facility-level body consisting of inmates and facility staff members, within 21 days

of the incident. N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, §§ 701.4, 701.5(a)-(b). Second, should the inmate be dissatisfied with the conclusion reached by the IGRC, he may appeal that decision to the superintendent of the facility within seven calendar days of receiving the IGRC's determination. NYCRR § 701.5(c)(1). Third, if the superintendent's conclusions are unfavorable, the inmate may appeal that decision to the Central Office Review Committee ("CORC") within 7 calendar days of receiving the superintendent's determination. NYCRR § 701.5(d)(1)(i). Only after completing all three steps may an inmate initiate suit. *Davis v. Grant*, No. 15-CV-05359, 2019 WL 498277, at *7 (S.D.N.Y. Feb. 8, 2019).

Plaintiff does not allege in the Amended Complaint that he ever filed a grievance to the Fishkill IGRC related to the January 20, 2020 or April 11, 2020 incidents. Defendant submitted a declaration from Sally Reams, the Inmate Grievance Program ("IGP") Supervisor at Fishkill. (Reams Decl. ¶ 1). Reams states that as IGP Supervisor, she is a "custodian of the records maintained by the IGP at Fishkill" and that her officer "retains records of grievances filed, as well as a log of filed grievances, back to 2018." (*Id.* ¶¶ 1, 5). Reams further states that she has "reviewed the Fishkill grievance records and log and there is no record of Plaintiff filing a grievance regarding the January 30, 2020 or April 11, 2020 incidents." (*Id.* ¶ 6).

Defendant also submitted a declaration from Rachael Seguin, the Assistant Director of the IGP for DOCCS. (Seguin Decl. ¶ 1). Seguin states that as Assistant Director, she is a "custodian of the records maintained by the [CORC]" and that "CORC maintains files of grievance appeals received by CORC." (*Id.* ¶¶ 1, 4). Seguin, after reviewing CORC records, relating to Plaintiff, states that "[t]here is no appeal on file pertaining to the alleged incidents on January 30, 2020 or April 11, 2020." (*Id.* ¶ 6). Seguin further states that she understands that Plaintiff "mailed letters directly to CORC in an attempt to appeal [his] grievance regarding the April 11, 2020 incident"

but such mailing was ineffective because "CORC does not accept grievances or appeals directly from incarcerated individuals" and that "a letter addressed to Central Office is not a grievance or considered an appeal." (*Id.* ¶ 7). Plaintiff's mailing of a letter directly to the CORC does not satisfy his obligation to exhaust his administrative remedies. *See Ruiz v. Link*, No. 20-CV-00235, 2022 WL 3020254, at *5 (S.D.N.Y. July 29, 2022) (holding that a plaintiff failed to properly follow the grievance procedure when he "tried to mail his appeal directly to the CORC").

Even while granting Plaintiff—who filed nothing in opposition to this motion—every benefit of the doubt to which a *pro se* litigant is entitled, there is no genuine dispute that Plaintiff failed to exhaust his administrative remedies. Plaintiff failed to file a grievance to the Fishkill IGRC within 21 days of either the January 30, 2020 or April 11, 2020 incidents.[5] Accordingly, summary judgment is proper here because there is no genuine dispute of material fact that Plaintiff failed to file a grievance concerning either the January 30, 2020 or April 11, 2020 incidents, and/or thereafter took the necessary appeals as required by the PLRA. As such, Defendants are entitled to judgment as a matter of law.

---

[5] Defendants state, in their opening brief, that "[w]hile Plaintiff produced the alleged grievance he filed regarding the January 30, 2020 incident . . . neither the facility nor CORC have any record of the grievance or appeal." (Def. Br. at 9). Plaintiff does not allege that he ever submitted a grievance regarding the January 30, 2022 incident in the Amended Complaint, nor has he submitted this grievance—or indeed any documents—in opposition to Defendants' motion for summary judgment. The only evidence in the record before this Court relevant to the exhaustion inquiry are two uncontroverted declarations submitted by Defendants, both stating that there is no record of Plaintiff ever filing any grievance in connection with either the January 30, 2020 or April 11, 2020 incidents. (*See* Reams Decl. ¶ 6; Seguin Decl. ¶ 6).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's Amended Complaint is dismissed with prejudice.[6] The Clerk of the Court is respectfully directed to: (i) terminate the motion sequence pending at Doc. 80, (ii) mail a copy of this Opinion and Order to Plaintiff, and (iii) close this case.

**SO ORDERED.**

Dated:   White Plains, New York
         June 7, 2023

_____
PHILIP M. HALPERN
United States District Judge

---

[6] Given the conclusions reached herein, the Court need not and does not address Defendants' remaining arguments, concerning Plaintiff's extant Eighth Amendment claim, for summary judgment.