UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. SILER,

                Plaintiff,

- against -

OFFICER J. WALDEN and OFFICER EDWIN LOPEZ,

                Defendants.

**OPINION AND ORDER**

20-CV-05794 (PMH)

PHILIP M. HALPERN, United States District Judge:

      The Court, in an Opinion and Order dated June 7, 2023, granted Defendants' motion for summary judgment and dismissed Plaintiff's Amended Complaint with prejudice. (Doc. 109, "Prior Order"). The Court assumes the parties' familiarity with the procedural posture and factual allegations as laid out in the Prior Order. Pending before the Court is Plaintiff's motion for reconsideration of the Prior Order.[1] (Doc. 111, "Pl. Br."). Defendant filed an opposition to Plaintiff's motion on July 7, 2023. (Doc. 112, "Def. Br.").

      For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED.

**STANDARD OF REVIEW**

      "Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL

---

[1] Plaintiff characterized his motion as a "motion to object to the findings and recommendations of the magistrate judge's order." (Doc. 111 at 1). The Court, being mindful that "*pro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest," interprets the filing as a motion for reconsideration pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59. *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018).

1700318, at *1 (S.D.N.Y. Apr. 29, 2021).[2] Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)). "Generally, a party seeking reconsideration must show either an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ANALYSIS

Plaintiff seeks reconsideration of the Prior Order on the grounds that "he missed the deadline to oppose Defendants' motion for summary judgment to no fault of his own." (Pl. Br. at 6). The Court, in the Prior Order, specifically considered Plaintiff's failure to respond to Defendants' motion for summary judgment by finding that "[a]s is clear from the docket, Plaintiff was sent Defendants' moving papers and the Court's Orders notifying him that Defendants had moved for summary judgment dismissing his Amended Complaint." (Prior Order at 2). The Court further noted that Plaintiff had requested—and received—four extensions of time to file an

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

opposition, and that the Court warned in granting the fourth extension request that "[n]o further extensions to the briefing schedule shall be granted." (*Id.*). The Court, in deeming Defendants' motion for summary judgment unopposed, found that "plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case" and held that "there is no genuine dispute that Plaintiff failed to exhaust his administrative remedies." (*Id.* at 2, 10). The Court's earlier ruling, as indicated therein, was predicated on Plaintiff's failure to exhaust his administrative remedies and not Plaintiff's failure to oppose the summary judgment motion. (*Id.*). Whether, as Plaintiff now argues, Plaintiff's failure to respond was his fault or not is of no consequence to the Court's earlier determination. Plaintiff has failed to cite to any intervening change of controlling law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Accordingly, Plaintiff has failed to meet his burden in showing that reconsideration of the Prior Order is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 111.

**SO ORDERED.**

Dated: White Plains, New York
       July 21, 2023

_____
Philip M. Halpern
United States District Judge